### No. 985.

#### ZÉNON BROUSSARD vs ALCÉE DUPRÉ, ADMINISTRATOR.

Judgments of the courts of the country parishes only take effect from the last day of the term of court at which they were rendered, no matter on what day of the term they were signed.   Hence, prescription of such judgments only begins to run from the last day of the term in which they were rendered.

APPEAL from the Eighth Judicial District Court, parish of St. Landry.   *Kenneth Baillio,* Judge *ad hoc.*

*A. Bailey,* for plaintiff and appellee.

*Garland & Dupré,* for defendant.

The opinion of the court was delivered by

MANNING, C. J.   The plaintiff sues to revive a judgment rendered in February, 1867, in the parish of St. Landry.   The judgment was signed

Broussard vs. Dupre.

on the twelfth of that month. The term of court at which it was rendered closed by adjournment on the eighteenth of same month.

Citation in this suit for revival was made on the fifteenth of February, 1877. The prescription of ten years is pleaded.

Judgments rendered in the courts of the country parishes have effect only from the last day of the term, whatever may be the day on which they shall have been signed. Code of Practice, art. 555.

The prescription of ten years will not apply to this suit for revival, unless the time be reckoned from the day when the judgment was signed. The defendant urges that the day when it was signed is the day of its rendition, but that is obviously inaccurate, because a judgment is rendered always before it is signed, and in some of the country parishes the excellent practice prevailed and now prevails of signing all judgments rendered during the term on the last day thereof, and not before.

The judgment of 1867 had effect only on and from the eighteenth of February of that year. It could not have been used as a judgment until that time, and that must be the day when it commenced its existence, so to speak, as a judgment. The legal duration of its life was ten years from its birth. To prolong that life, a citation for revival must be served before the expiration of the period limited for its continuance, and that was done in this case.

The term "rendition," employed in the statute of 1853, would be more naturally interpreted to mean the act of rendering a judgment than the act of signing it. But the general provision that all judgments rendered in the courts of this State, other than those of the First Judicial District, take effect only from the last day of the term of the court at which they are rendered fixes the time when the judgment is complete, and indicates the starting-point where prescription begins to run against them.

The judgment of the lower court was in accordance with these views, and it is therefore affirmed.